CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

| | | |
|---|---|---|
| FIDEL RIVERA, on behalf of himself and others similarly situated, | : | Case No. 18-CV-5770 |
| | : | |
| Plaintiff, | : | FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT |
| -against- | : | |
| GEMSTONE SUPERMARKETS INC. d/b/a KEY FOOD SUPERMARKET, and DAVID MANDELL, | : | **Jury Trial Demanded** |
| Defendants. | : | |

-----------------------------------------------------------X

Plaintiff FIDEL RIVERA (hereinafter, "Plaintiff"), on behalf of himself and other

similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants GEMSTONE SUPERMARKETS

INC. d/b/a KEY FOOD SUPERMARKET ("KEY FOOD"), and DAVID MANDELL

(collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the

Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment

and post-judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premiums for each day that Plaintiff's work shift exceeds ten (10) hours; (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Queens County, New York.

6.      Defendant, KEY FOOD, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 183-14 Hillside Avenue, Jamaica, New York 11432.

7.      Upon information and belief, KEY FOOD owns and operates multiple supermarkets in New York, including a Key Food Supermarket located at 61-46 Springfield Avenue, Oakland Gardens, New York 11364 (the "Oakland Gardens Store Location").

8.      Defendant, DAVID MANDELL, is the President and Chief Executive Officer of KEY FOOD, and is an officer, director, manager, supervisor, and proprietor of

KEY FOOD, who participates in the day-to-day operations of KEY FOOD, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with KEY FOOD.

9.      Defendant, DAVID MANDELL, exercised control over the terms and conditions of Plaintiff's employment in that he has, and has had, the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

10.      Upon information and belief, at least within each of the three (3) most recent years from the date of this Complaint, KEY FOOD was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11.      Defendants employed Plaintiff to work as a non-exempt stock person at Defendants' Oakland Gardens Store Location from on or about February 10, 2018 until on or about September 19, 2018.

12.      The work performed by Plaintiff was directly essential to the business operated by Defendants.

3

13.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15.     Defendant, DAVID MANDELL, actively participates in the day-to-day operation of KEY FOOD.  For instance, he is responsible for the facilities management of at least five (5) of Key Food supermarket locations.  As such, he supervises and directs the work of the employees, including individual store managers, to ensure high standards; instructs employees how to perform their jobs; and corrects employees for errors made.

16.     Defendant, DAVID MANDELL, creates and approves all crucial business policies at each store location.  This includes decisions concerning the hiring and firing of employees, the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are paid.

17.     Defendant, DAVID MANDELL, is also responsible for achieving KEY FOOD'S sales goals, developing and expanding business, monitoring profits and losses, developing annual budgets, and executing business plans.

18.     Defendant, DAVID MANDELL, is further responsible for ensuring each Key Food supermarket location operates on a cost efficient basis within an established framework of the company's business policies, which includes monitoring and limiting business overhead and expenses.

4

19.     On or about February 10, 2018, Defendants hired Plaintiff to work as a non-exempt stock person at the Oakland Gardens Store Location.

20.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

21.     Plaintiff worked for Defendants in that capacity until on or about September 19, 2018.

22.     Plaintiff worked over forty (40) hours per week.

23.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work shift consisted of ten (10) hours on Monday from 11:00 a.m. until 9:00 p.m.; nine (9) hours per day on Tuesday, Friday, and Saturday from 7:00 a.m. until 4:00 p.m.; nine (9) hours on Wednesday from 12:00 p.m. until 9:00 p.m.; and eleven (11) hours on Thursday from 10:00 a.m. until 9:00 p.m.  Plaintiff normally received a one (1) hour lunch break each day.

24.     Plaintiff was required to punch a time clock or other time-recording device at the start and end of his work shift.

25.     Throughout the entirety of his employment, Plaintiff was paid, in cash, at the rate of $13 per hour straight time for all hours worked, and worked fifty-one (51) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26.     Upon paying Plaintiff his cash wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth his gross wages, deductions, and net wages.

27.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time records.

### COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt, non-managerial employees who have been or were employed by the Defendants since October 15, 2015 until the close of the opt-in period (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

30.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits

that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

31.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

32.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

33.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

34.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.   Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.   Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d.   Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

35.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

36.   Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

37.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

38.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since October 16, 2012 until the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime compensation in violation of the New York Labor Law (the "Class").

39.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

40.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

41.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

43.      Plaintiff will fairly and adequately protect the interests of the NY Class members.  Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

44.      Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

45.      Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

46.      There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

      a.      Whether Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

      b.      Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class;

      c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      Whether Defendants failed to pay Plaintiff and members of the Class overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder; and,

e.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

47.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

50.     Upon information and belief, at least within each of the three (3) most recent years from the date of this Complaint, KEY FOOD had gross revenues in excess of $500,000.

11

51.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

52.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

53.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

55.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

56.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

57.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

58.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

59.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

60.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61.     At all times relevant hereto, Defendants employed Plaintiff and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

62.     Plaintiff and Class members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

63.     Defendants failed to pay Plaintiff and Class members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in direct contravention of the New York Labor Law.

64.     Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and

13

Class members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

65.     Defendants failed to furnish Plaintiff and members of the Class with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

66.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

67.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

68.     Neither at the time of his hiring, nor anytime thereafter, did Defendants notify Plaintiff in writing of his regular and overtime rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

69.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

70.     Plaintiff and Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, FIDEL RIVERA, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law;

(d)     An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      October 16, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
      Giustino (Justin) Cilenti (GC2321)

16

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Fidel Rivera_, am an employee currently or formerly employed by _C + s Wholesale_, and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_9 - 16_, 2018

_Fidel Rivera_